IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IN RE FARMERS INSURANCE EXCHANGE )
CLAIMS REPRESENTATIVES' OVERTIME )
PAY LITIGATION ) MDL DOCKET NO. 33-1439(B)
)
) OPINION AND ORDER
)
)
)

N. Robert Stoll
Jennifer A. Wagner
STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204

Steve Zieff
RUDY EXELROD & ZIEFF, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104

James Finberg
LIEFF CABRASER, ET AL.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111

Todd Jackson
LEWIS & FEINBERG, P.C.
436 - 14th Street, Suite 1505
Oakland, CA  94612-2703

  Attorneys for Plaintiff


Barnes Ellis
STOEL RIVES, L.L.P.
900 S.W. Fifth Avenue, Suite 2600
Portland, OR  97204

Lee Paterson
Jessie Kohler
WINSTON & STRAWN
38th Floor, 333 South Grand Avenue
Los Angeles, CA  90071

  Attorneys for Defendant

JONES, Judge:

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), defendants move (# 1797) to dismiss the First and Second claims in the Class and Collective Action Complaint ("Complaint") filed in <u>Balliet, et al. v. FIE, et al</u>, which the Judicial Panel on Multidistrict Litigation recently transferred to this court and which has been consolidated into MDL 33-1439(B).  Specifically, defendants seek dismissal of plaintiffs' claims for violations of the Employee Retirement Income Security Act ("ERISA").  For the reasons stated below, defendants' motion is denied; however, I will hold the ERISA claims in abeyance, with no further action, pending a ruling on the overtime liability issues that are central to this multidistrict litigation ("MDL").[1]

---

    [1]    This is the third time defendants have moved to dismiss plaintiffs' ERISA claims in this MDL.  In the first round, I
(continued...)

## STANDARDS

A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997) (quoting Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)); see also Mountain High Knitting, Inc. v. Reno, 51 F.3d 216, 218 (9th Cir. 1995). The court must treat all facts alleged in the complaint as true. Parks School of Business, Inc., 51 F.3d at 1484. All doubts are resolved in favor of the nonmoving party. Keams v. Tempe Technical Institute, 39 F.3d 222, 224 (9th Cir. 1994).

In a facial attack on subject matter jurisdiction under Rule 12(b)(1), such as defendants make here, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in plaintiffs' favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## DISCUSSION

Plaintiffs' two ERISA claims may be summarized as follows. In the first claim, plaintiffs contend that their employer, defendant Farmers Insurance Exchange ("FIE"), violated ERISA by failing to keep records of and/or failing to report all of the hours worked by its claims representatives ("CRs"). In their second claim, plaintiffs allege that all defendants other than

---

[1](...continued)
denied the motion "at this time" and required plaintiffs to allege one of the two claims with more specificity. After defendants filed the second motion to dismiss but before I had an opportunity to rule, the parties settled and dismissed the ERISA claims. It is unclear to the court why the parties are not taking the same approach with the ERISA claims in 1439(B) as they did in 1439(A).

3 - OPINION AND ORDER

FIE[2] breached their fiduciary duties under the Profit Sharing Savings Plan and the Employees' Pension Plan by failing to credit as "hours of service" all overtime hours worked by CRs.

Defendants challenge both claims for failure to state a claim, and also contend that plaintiffs lack standing to bring either ERISA claim. Because defendants' standing argument challenges this court's subject matter jurisdiction, I address that argument first.

1. Standing

The "irreducible constitutional minimum of standing" is that plaintiffs suffer (1) some concrete injury in fact that is (2) fairly traceable to defendant's conduct and is (3) likely to be redressed by a favorable decision. Knisley v. Network Associates, Inc., 312 F.3d 1123, 1126 (9th Cir. 2002). To satisfy the "injury in fact" requirement at the pleading stage, plaintiffs must (1) allege a deprivation of a legally protected interest, (2) that is "concrete" and "particularized" in the sense that the alleged injury must affect the plaintiffs in a "personal and individual way," and (3) that is "actual" or "imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992).

In addition to the constitutional requirements, the Supreme Court has articulated a set of prudential principles that limit the circumstances under which federal courts may exercise jurisdiction. See Financial Inst. Retirement Fund v. O.T.S., 964 F.2d 142, 147 (2nd Cir. 1992) (citing Warth v. Seldin, 422 U.S. 490, 499-500 (1982)). Congress may override the prudential limits by statute, which it has done in ERISA. Financial Inst., 964 F.2d at 147; see 29 U.S.C. § 1132(a) (enumerating persons empowered to bring a civil action under ERISA). But although

---

[2] The Balliet complaint expressly excludes FIE as a defendant on the second ERISA claim. See Defendants' Submissions, Exhibit A, p. 16.

a statute may "broaden the class of redressable injuries," Congress "may not dispense with the dictates of Article III." Financial Inst., 964 F.2d at 147; see also Harley v. Minnesota Min. and Mfg. Co., 284 F.3d 901, 906 (8th Cir. 2002) ("Supreme Court has never held that Congress may do away with the Article III requirement of 'concrete injury'").

On a motion to dismiss, "[t]he standing question is 'whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." Immigrant Assistance Project, LA County v. I.N.S., 306 F.3d 842, 859 (9th Cir. 2002). Significantly in the context of the present case, "'[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" Warth, 422 U.S. at 500 (citation omitted). In ERISA cases, some courts have held that certain kinds of allegations of breach of fiduciary duty (self-dealing, conflict of interest) satisfy the "injury" requirement, even in the absence of financial injury. See, e.g., Financial Inst., 964 F.2d at 148-50 (allegations of fiduciary's conflict of interest sufficient to establish that plan participants had been injured even though any loss to plan assets remote); Amalgamated Clothing & Textile Workers v. Murdock, 861 F.2d 1406, 1418-19 (9th Cir. 1988) (plaintiffs had standing to sue ERISA fiduciaries even though plaintiffs had received their vested benefits); but see Harley, 284 F.3d at 906-07 (where plan participants suffered no injury in fact, they lacked standing to sue to enforce ERISA fiduciary duties).

Defendants contend, in essence, that plaintiffs lack standing because they have not alleged any specific, particularized injury to themselves or any actual or imminent damage resulting from defendants' alleged failure to keep records and credit hours of service. Accepting

the allegations of the complaint as true and drawing all reasonable inferences in plaintiffs' favor,[3] however, plaintiffs have alleged that defendants "invaded" their legal rights under ERISA by failing - in the past and present - to take certain actions required by statute, and plaintiffs seek to enjoin defendants from violating their legal rights under ERISA in the future. Those allegations, which this court may not look beyond, are sufficient, at least at the pleading stage. See Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 773 (2000) (interest in the outcome "must consist of obtaining compensation for, or preventing, the violation of a legally protected right"); see also Warth, 422 U.S. at 501-02.

2. Plaintiffs' First Claim: FIE's Failure to Keep Records

Defendants contend that plaintiffs' first claim must be dismissed for failure to state a claim because, according to defendants, plan participants have no private right of action for an alleged violation of the record-keeping requirements of ERISA, 29 U.S.C. § 1059. Defendants are correct that courts have held that § 1059 does not provide a private action for violation of that section. See, e.g., Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 606 (M.D. N.C. 2004) (ERISA § 1059 does not create a private right of action).[4]

---

[3] See Warth v. Seldin, 422 U.S. 490, 501 (1975)("for purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party").

[4] Colin relies on two cases defendants cited in their earlier motions to dismiss in MDL 1439(A), Lowe v. Telsat Cablevision, Inc., 837 F.Supp. 410 (M.D. Fla. 1993), and Cartelli v. Plumbers and Steamfitters Local Union No. 422, 1991 WL 150039 (N.D. Ill. 1991), aff'd 1992 WL 6065 (N.D. Ill. 1992). Like Colin, Lowe and Cartelli address the existence of a private right of action under ERISA § 1059, not under § 1132(a)(3).

6 - OPINION AND ORDER

Plaintiffs point out, however, that they seek relief under the ERISA civil enforcement provision, 29 U.S.C. § 1132(a)(3), not directly under the record-keeping provision, § 1059. Section 1132(a)(3) provides, in relevant part, that

A civil action may be brought –

\* \* \*

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan * * *.

29 U.S.C. § 1132(a)(3). Thus, § 1132(a)(3) confers on plan participants the right to bring suit to enjoin "any" violation of "this title." "This title" is Title I, which encompasses 29 U.S.C. §§ 1001 through 1191, including the record-keeping requirements of § 1059(a).

In <u>Varity Corp. v. Howe</u>, 516 U.S. 489 (1996), the Supreme Court described the above provision as a "kind of 'catchall'" "providing 'appropriate equitable relief' for 'any' statutory violation" "for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." <u>Varity</u>, 516 U.S. at 511, 512. Although the issue before the <u>Varity</u> court[5] differed from the present issue, the Court's reasoning is applicable here and persuades me that plaintiffs should be permitted to proceed with their first claim, at least at this early pleading stage:

> ERISA's basic purposes favor a reading of the *third* subsection that provides the plaintiffs with a remedy. The statute itself says that it seeks
>
> > "to protect ... the interests of participants ... and beneficiaries ... by establishing standards of conduct, responsibility, and obligation for

---

[5] The issue in <u>Varity</u> was whether § 1132(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations. The Court held that it does. <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 514 (1996).

7 - OPINION AND ORDER

> fiduciaries ... and ... providing for appropriate remedies ... and ready access to the Federal courts." ERISA § 2(b)[29 U.S.C. § 1001(b)].

Varity, 516 U.S. at 513 (emphasis in original).

Defendants respond that plaintiffs are not entitled to relief under § 1132(a)(3) because alternative remedies exist. According to defendants, these remedies include civil penalties payable to the Secretary of Labor for alleged failure to maintain records (§ 1059(b)) and recovery of allegedly lost plan benefits (§ 1132(a)(1)(B)). While other remedies ultimately may exist and be appropriate, the pleading stage is not the proper stage at which to make that determination. For example, if FIE has in fact violated ERISA with respect to the present plaintiffs by failing to keep proper records, then an injunction requiring FIE's future compliance with ERISA may be an appropriate remedy. See Varity, 516 U.S. at 515 ("We should expect that courts, in fashioning 'appropriate' equitable relief, will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others'" (citation omitted)). In any event, it is too early in the proceedings to determine whether injunctive relief will be necessary or appropriate.

I conclude that defendants' motion to dismiss plaintiffs' first claim must be denied, at least at this stage, because § 1132 does not appear to preclude a private right of action such as plaintiffs allege.

3. Plaintiffs' Second Claim: Breach of Fiduciary Duty

Plaintiffs' second claim alleges that all defendants other than FIE acted as fiduciaries under the Pension Plan and the Profit Sharing Savings Plan and all breached their fiduciary duties by failing to "credit as hours of service overtime performed by claims representatives employed by Farmers." Complaint, ¶ 53. Defendants assert that this claim must be dismissed

because defendants' decisions with respect to whether to pay or credit overtime are business decisions not governed by ERISA's fiduciary standards. For this proposition, defendants cite Ballaris v. Wacker Siltronic Corp., No. CV 00-1627-KI, 2002 WL 926272 (D.Or. Feb. 7, 2002), aff'd in part, rev'd in part, and remanded 370 F.3d 901 (9th Cir. 2004).[6] In Ballaris, Judge King wrote:

> Other cases have held that ERISA does not require "day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits, be performed solely in the interest of plan participants." Hickman v. Tosco Corp., 840 F.2d 564, 566 (8th Cir. 1988)(collecting cases). * * *
>
> I conclude that Wacker's decision concerning whether to pay wages for changing time has only an extremely indirect connection to the administration of the ERISA plan. The situation, both the nature of the decision and the effect on the plan, is very similar to that in Hickman.[7] Consequently, Wacker was not acting as an ERISA fiduciary in this regard.

Plaintiffs appear to agree with defendants that the decision *whether to pay* plaintiffs overtime is a business decision, not a fiduciary one. See Defendants' Submission, Exhibit I, p. 14. Plaintiffs assert, however, that their fiduciary duty claim does not rest on failure to pay overtime, rather, the complaint alleges that defendants, while acting as fiduciaries exercising

---

[6] Among other things, on appeal in Ballaris, the Ninth Circuit reversed the district court's summary judgment ruling on plaintiffs' ERISA claims. Ballaris v. Wacker Siltronic Corp., 970 F.3d 901, 914 (9th Cir. 2004).

[7] In Hickman, the court held that a decision to terminate employees rather than carry them on the payroll (thus disqualifying them from full retirement under the pension plan) was an employment decision that did not directly affect the administration of the pension plan or the investment of its assets, and was not, therefore, subject to ERISA's fiduciary standard of care. See Hickman v. Tosco Corp., 840 F.2d 564, 566-67 (8th Cir. 1988).

9 - OPINION AND ORDER

discretion over the administration of the Plans, breached their duties to act prudently and solely in the interests of the Plans' participants by failing to credit them with all of the hours of service for which they were entitled to be paid, including overtime, or to investigate whether such hours should be credited. Complaint, ¶¶ 51-53. As plaintiffs explain:

> Defendants are correct that the decision not to pay plaintiffs for the hours of overtime that they worked was a settlor function, not subject to ERISA's fiduciary duties. Where defendants are mistaken, however, is in their argument that because the decision regarding whether to *pay* overtime is similar to the decision regarding whether to *credit* plaintiffs for overtime hours under the Plans, the decision not to credit plaintiffs' overtime hours is not a fiduciary function. Defendants' argument ignores the fact that under ERISA, crediting hours is a fiduciary function, independent of the payment of wages, necessary to determine participants' participation, vesting and accrual of rights. As such, it is subject to ERISA's strict fiduciary standards. See, e.g., Lockheed Corp. v. Spink, 517 U.S. 882, 890 (1996)(distinguishing between fiduciary and settlor functions).

Defendants' Submission, Exhibit I, p. 17 (emphasis in original). Plaintiffs distinguish Ballaris, on which defendants rely, pointing out that in deciding that an employer's decision not to pay wages was not a fiduciary decision, the court did not have before it the question plaintiffs raise here, i.e., "whether ERISA plan fiduciaries must credit hours of service 'for which an employee is paid, *or entitled to payment*, for the performance of duties for the employer.'" Defendants' Submission, Exhibit I, p. 18 (emphasis in original).

Plaintiffs draw a very fine line between business and fiduciary decisions in pressing this novel theory. After reviewing all the parties' arguments on this issue, however, I am persuaded that plaintiffs' second claim states a claim for relief for purposes of Rule 12(b)(6). Consequently, I deny defendants' motion to dismiss the second claim.

In MDL 1439(A), I suggested to the parties that the ERISA claims be deferred until after a ruling on the merits of the overtime liability claims. As mentioned, the parties settled the

ERISA claims and the issue of deferral became moot. In considering, once again, plaintiffs' ERISA claims, although I deny defendants' motion to dismiss, I will hold the two ERISA claims in abeyance and defer any further activity on the claims (including class certification, discovery, summary judgment), until I rule on defendants' liability for overtime pay.

## CONCLUSION

Defendants' motion to dismiss (# 1797) is DENIED. In accordance with this decision, plaintiffs' ERISA claims are in abeyance pending a ruling on the merits of plaintiffs' overtime pay claims.

Dated this 15th day of August, 2005.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

11 - OPINION AND ORDER