FILED'08 OCT 28 16:07 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE FARMERS INSURANCE EXCHANGE CLAIMS REPRESENTATIVES' OVERTIME PAY LITIGATION | ) ) ) ) ) ) | MDL DOCKET NO. 33-1439 <br><br> OPINION AND ORDER |

Andrew M. Paley
Seyfarth Shaw, LLP
One Century Plaza
2029 Century Park Eatst
Suite 3300
Los Angeles, CA 90067

Barnes H. Ellis
Stoel Rives LLP
900 SW 5th Avenue
Suite 2600
Portland, OR 97204

Jeffrey G. Lewis
Todd Jackson
Lewis Feinberg Renaker & Jackson, PC
1330 Broadway
Suite 1800
Oakland, CA 94612

N. Robert Stoll
Timothy S. DeJong
Jennifer A. Wagner
Joshua L. Ross
Stoll Stoll Berne Lokting & Shlachter
209 SW Oak Street
Suite 500
Portland, OR 97204

Joseph Arshawsky
Provost Umphrey Youngdahl & Sadin
9621 Fourth Street, N.W.
Albuquerque, NM 87114

Steven G. Zieff
Kenneth John Sugarman
Rudy Exelrod & Zieff, LLP
351 California Street
Suite 700
San Francisco, CA 94104

Michael A. Havard
Provost-Umphrey Law Firm LLP
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Thomas A. Warren
2032 D Thomasville Road
Tallahassee, FL 32308

Eve H. Cervantez
Altshuler Berzon LLP
177 Post St
Ste 300
San Francisco, CA 94108

PAGE 2 - OPINION AND ORDER

Roy S. Dale
Dale & Klein, LLP
6301 N. 10th Street
McAllen, TX 78504

Mark E. Griffin
Griffin & McCandlish
215 S.W. Washington Street
Suite 202
Portland, OR 97204

Lewis A. Remele, Jr.
Bassford Lockhart Truesdell & Briggs, PA
33 S. Sixth Street
3550 Multifoods Tower
Minneapolis, MN 55402

Stephen C. Ball
Ball, Ghaleb & Hulbert
20 North Raymond Avenue
Suite 350
Pasadena, CA 91103

Alexander R. Wheeler
R. Rex Parris Law Firm
42220 10th Street West
Suite 109
Lancaster, CA 93534

    Attorneys for Plaintiffs

James Matthew Dow
Jackson Walker, LLP
100 Congress Avenue
Suite 1100
Austin, TX 78701

James N. Westwood
Stoel Rives LLP
900 SW 5th Avenue
Suite 2600
Portland, OR 97204

PAGE 3 - OPINION AND ORDER

Jill D. Bowman
Stoel Rives, LLP (Seattle)
600 University Street
Suite 3600
Seattle, WA 98101

Mark P. Grajski
Seyfarth Shaw, LLP
400 Capitol Mall
Suite 2350
Sacramento, CA 95814-4428

Eric M. Steinert
George E. Preonas
Seyfarth Shaw, LLP
One Century Plaza
2029 Century Park East
Suite 3300
Los Angeles, CA 90067

   Attorneys for Defendants

Joseph J. Zonies
Kritzer/Zonies LLC
140 East Nineteenth Avenue
Third Floor
Denver, Co 80203-1013

Barry Grant Reed
Zimmerman Reed LLP
14646 N. Kierland Blvd
Suite 145
Scottsdale, AZ 85254

Richard J. Vangelisti
Vangelisti Kocher, LLP
811 SW Naito Parkway
Suite 420
Portland, OR 97204

   Attorneys for Intervenors

PAGE 4 - OPINION AND ORDER

JONES, Judge:

Part "A" of this multidistrict overtime pay litigation ("MDL") is before the court on remand from the Ninth Circuit Court of Appeals. The scope of the Ninth Circuit remand is as follows:

> As to plaintiffs' FLSA claim, as well as their claims under Michigan law, we AFFIRM the district court's judgment as to the adjusters whom it ruled are exempt. We REVERSE the district court's judgment as to the remaining adjusters, with instructions to enter judgment in FIE's favor consistent with this opinion.
>
> We REVERSE the judgment as to all claims under Colorado, Illinois, Minnesota, New Mexico, Oregon and Washington law, and REMAND them to the district court for further proceedings consistent with this opinion.

In re: Farmers Ins. Exchange Claims Represent., 481 F.3d 1119, 1134-35 (9th Cir. 2007). With respect to the state law claims, the Ninth Circuit instructed this court "to take another swipe" at them, after the parties fully briefed the scope of the various state law administrative exemptions from overtime pay. Id. at 1134.

The parties' briefing is complete, and I have completed my analysis. For the reasons stated below, I dismiss the Colorado, Minnesota, New Mexico, and Illinois class actions for lack of jurisdiction. I am compelled by the appellate decision to find all Washington claims representatives ("CRs") to be exempt from overtime. I also find the Oregon Liability and Property CRs to be exempt from overtime, but find the Oregon automobile physical damage ("APD") CRs to be non-exempt.

PAGE 5 - OPINION AND ORDER

DISCUSSION

I.    The Colorado, Minnesota, New Mexico, and Illinois State Class Actions

Although this action has been pending since March 2002, has been on appeal, and is once

again pending in this court for further proceedings, this court, as always, must in the first instance

determine the fundamental question of subject matter jurisdiction. "'This question the court is

bound to ask and answer for itself, even when not otherwise suggested, and without respect to the

relation of the parties to it.'" In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability

Litigation, 488 F.3d 112, 121 (2nd Cir. 2007)(quoting Great S. Fire Proof Hotel Co. v. Jones, 177

U.S. 449, 453 (1900)). This "obligation is well-founded," id., because "[f]ederal courts are courts

of limited jurisdiction and possess 'only that power authorized by the Constitution and statute.'"

Sandpiper Village Condominium Ass'n, Inc. v. Louisiana-Pacific Corp., 428 F.3d 831, 841 (9th

Cir. 2005)(quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)).

As the Second Circuit explained in In re Methyl,

> Subject-matter limitations on federal jurisdiction serve institutional interests.
> They keep the federal courts within the bounds the Constitution and Congress
> have prescribed. Accordingly, subject-matter delineations must be policed by the
> courts on their own initiative even at the highest level.

In re Methyl, 488 F.3d at 121 (citation and internal quotations omitted).

In the process of reviewing the parties' arguments concerning the Colorado, Minnesota,

New Mexico, and Illinois state overtime laws, I became troubled concerning this court's

jurisdiction to adjudicate these claims. The parties have not raised this issue, yet this is not the

first time in this litigation that I have been similarly troubled. Upon serious study and reflection,

it now appears to me that these claims never were properly part of this MDL, a problem that even

PAGE 6 - OPINION AND ORDER

the Ninth Circuit overlooked.[1]

The following summary of the relevant procedural background in this MDL underscores the jurisdiction problem and how this litigation ended up in its current procedural posture.

On March 12, 2002, the Judicial Panel on Multidistrict Litigation transferred a number of cases then pending in California, Michigan, Minnesota, New Mexico, Oregon, Texas, and Washington to this court, thus initiating MDL 33-1439. The Panel order noted, among other things, that a Colorado action, Chase v. Farmers Insurance Exchange, D. Colorado, C.A. No. 1:01-2012, already had been remanded to state court. See Transfer Order, p. 1 n.1 (# 1).

On stipulation of the parties, by the end of April 2002, the Minnesota and the New Mexico actions also had been remanded to their respective state courts. (See, e.g., ## 7, 18, 19, and 28). In their Amended Complaint filed June 3, 2002, plaintiffs alleged federal claims under the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act ("ERISA"), and three state law claims under Minnesota, Oregon, and Washington overtime law (# 54). Plaintiffs' Second Amended Complaint (# 58), filed June 13, 2002, contained similar claims. On September 13, 2002, plaintiffs filed a Third Amended Complaint, this time adding a claim under Michigan law (# 122).

On October 11, 2002, plaintiffs filed a motion to alter or amend their complaint, representing that amendment was necessary only to add allegations concerning the Farmers Group Inc. pension plan and ERISA (# 134). The proposed amended complaint attached to

---

[1]    As the Ninth Circuit noted, on appeal the parties "dedicated little more than a few lines to this issue [of similarity of state law claims to FLSA claims] in the six briefs between them." In re Farmers, 481 F.3d 1119, 1134 (9th Cir. 2007). It is not surprising, therefore, that the Ninth Circuit did not recognize a jurisdictional issue with respect to certain state law claims.

plaintiffs' memorandum in support contained, again, class action allegations under Minnesota, Oregon, Washington, and Michigan law (# 135).

On October 15, 2002, defendants moved to dismiss the Third Amended Complaint, particularly plaintiffs' ERISA claims. Defendants also moved to dismiss all state law claims based on the purported preemptive effect of the FLSA. At a hearing on November 18, 2002, I denied defendants' motion. As a result of discussions held on the record, I entered the following order:

> Plaintiffs' motion for leave to amend (# 134) is GRANTED subject to the following. Within 30 days, plaintiffs shall file a consolidated amended complaint that alleges with specificity (1) the factual basis of plaintiffs' claim that defendant Farmers Group Inc. acted as an ERISA fiduciary; and (2) for each state law claim alleged, the specific manner in which the state law provides greater benefits or protections to employees than the FLSA.

Civil Minutes (Nov. 18, 2002)(# 162).

On December 18, 2002, plaintiffs filed a Fourth Amended Complaint (# 172). Within a few days, plaintiffs also moved for certification of the state law class actions. A dispute arose between the parties concerning plaintiffs' filing of the Fourth Amended Complaint, and on February 3, 2003, plaintiffs sought leave of court to file it, which I granted. As it turned out, the parties' dispute centered on plaintiffs' addition, without leave of court, of four new representative plaintiffs and three new state law class actions. The three new states involved were Colorado, Illinois, and New Mexico.

From late December 2002 through February 2003, the parties engaged in briefing plaintiffs' motion for class certification and defendants' motion to dismiss directed to the Fourth Amended Complaint. As relevant to the present discussion, defendants sought dismissal of

plaintiffs' state claims under the laws of Minnesota, Colorado, Illinois, and New Mexico. (See # 224, filed January 24, 2003). The class certification motion and the motion to dismiss, together with several other motions, were set for hearing on April 18, 2003. By mid-April, the parties had submitted and the court had reviewed a veritable mountain of paper in preparation for the hearing.

At the parties' request, on April 15, 2003, I held a status conference. At the conference, the parties informed me that they would resolve many of the issues by agreement. In accordance with that representation, at the hearing on April 18, 2003, the parties presented a stipulation for my signature. Among other things, the stipulation provided that the parties consented to a bench trial and waived the right to a jury trial; the parties agreed to bifurcate the trial into liability and damages phases; plaintiffs agreed to dismiss the ERISA claims and all defendants except Farmers Insurance Exchange ("FIE"); and defendants stipulated to certification of seven state law "subclasses" of CRs under the laws of Oregon, Washington, Colorado, New Mexico, Illinois, Minnesota, and Michigan. See Stipulation (# 422). Defendants also agreed to withdraw the motion to dismiss. (# 423).

Thus, I was never called upon to rule on defendants' motion to dismiss. However, with particular reference to defendants' motion to dismiss the four state law claims, during the time I had the motion under consideration, I was troubled by plaintiffs' unilateral addition of state law class actions in this MDL that had not been pending in federal court elsewhere and were not transferred to this court through the MDL process. This is because the multidistrict litigation statute, 28 U.S. § 1407, limits the actions that may be transferred for coordinated or consolidated pretrial proceedings to "civil actions involving one or more common questions of fact [that] *are*

PAGE 9 - OPINION AND ORDER

*pending in different districts . . . ."* 28 U.S.C. § 1407(a) (emphasis added). In the unique

procedural world of an MDL, the authority of the transferee court to handle the case ordinarily

ends on conclusion of pretrial proceedings. <u>See</u> <u>Lexecon Inc. v. Milberg Weiss</u>, 523 U.S. 26,

36-37 (1998). Cases that are not "previously terminated" "shall be remanded by the panel at or

before the conclusion of such pretrial proceedings <u>to the district from which it was transferred</u>

. . . ." <u>Lexecon</u>, 523 U.S. at 35 (<u>quoting</u> 28 U.S.C. § 1407(a)). Because plaintiffs' claims under

Colorado, Minnesota, Illinois, and New Mexico law were not transferred to this court through

proper MDL procedures but, rather, were simply added by fiat, they had no "home federal court"

to which I could eventually remand them.

 In responding to defendants' motion to dismiss these four "unattached" state law claims,

plaintiffs merely asserted that the claims were supplemental claims brought by existing opt-in

members of the collective FLSA action under 28 U.S.C. § 1367(a). Plaintiffs cited no MDL

cases recognizing such jurisdictional power in the transferee court; indeed, plaintiffs simply

ignored the possibility that MDL proceedings might differ from ordinary class actions. Thus,

plaintiffs never addressed the issue of this court's limited role as an MDL transferee court and the

requirement that the transferee court remand cases to the transferor courts for trial if not

otherwise terminated.[2]

---

[2]    I acknowledge that my Order and Findings Certifying State Law Classes justifies
jurisdiction over the Colorado, Minnesota, Illinois, and New Mexico claims on the basis of
supplemental jurisdiction under 28 U.S.C. § 1367(a). Order and Findings (May 19, 2003), p. 3
(# 438). The Order, however, was prepared by plaintiffs' counsel and jointly submitted to me for
signature by the parties pursuant to their stipulation. Had this court prepared the Order in the
first instance, the jurisdictional issue likely would have surfaced.

PAGE 10 - OPINION AND ORDER

In any event, once the parties entered into their stipulation in April 2003, the MDL took

on a life of its own, with the court and the parties engaged in the labor-intensive procedures

attendant to preparing this collective and class action litigation for trial.  Class notices went out,

and the case was tried to the court in September 2003.  Following entry of my Findings of Fact

and Conclusions of Law on liability, the Special Master determined damages, judgment was

entered, and the case went on appeal in May 2005.  Thus, until I undertook to review this case on

remand, I had no reason to look beyond the parties' stipulation or to examine the propriety of

exercising jurisdiction over the Colorado, Minnesota, Illinois, and New Mexico claims.

There is a dearth of case law on this issue.  In one case, <u>Dorsey v. The Manufacturers Life</u>

<u>Ins. Co.</u>, 1997 WL 703354 (E.D. La. 1997), the district court for the Eastern District of Louisiana

was called upon to rule on a motion to remand a case to state court as improperly removed to

federal court before an MDL transfer order became final.  Although the factual circumstances of

<u>Dorsey</u> are distinguishable, the court's comments are instructive:

> Supplemental jurisdiction presupposes the existence of a case, already properly
> before the court, to which the "other claims" may be attached.  In other words,
> supplemental jurisdiction does not create original jurisdiction, it merely sweeps
> "other claims" under the federal court's jurisdictional rug.
>
> Defendants would like to equate the procedural tool of "consolidation"
> with supplemental jurisdiction.  * * *  A desire for consolidation, however, does
> not obviate the need for the Dorsey action to be properly before this Court.  <u>The</u>
> <u>statute governing inter-district consolidation states that "[w]hen civil actions</u>
> <u>involving one or more common questions of fact are pending in different districts,</u>
> <u>such actions may be transferred to any district for consolidated pretrial</u>
> <u>proceedings." 28 U.S.C. § 1407(a).</u>  * * *  [H]owever, this rule "requires that both
> <u>actions be 'pending before the court' and an improperly removed action does not</u>
> <u>meet this criterion."</u>  * * *  <u>The possibility, or even the actual, consolidation of two</u>
> <u>lawsuits does not give the district court subject matter jurisdiction to adjudicate an</u>
> <u>action that is lacking in original federal jurisdiction.</u>

<u>Dorsey v. The Manufacturers Life Ins. Co.</u>, 1997 WL 703354 at *3 (E.D. La. 1997)(citations omitted; emphasis added).

I have discovered no authority for this court, as an MDL transferee court, to exercise subject matter jurisdiction over state law claims not transferred by the MDL Panel and over which this court lacks original jurisdiction.  If the claims were properly before me, I could remand the Colorado, Minnesota, Illinois, and New Mexico claims to the respective state courts for further proceedings, but that is not possible.  Consequently, I dismiss these four subclasses for lack of subject matter jurisdiction.

II.    <u>The Washington and Oregon Claims</u>

As a preliminary matter, I note that although plaintiffs now stress the alleged differences between the FLSA administrative exemption and the administrative exemption under Washington and Oregon law, the position they took much earlier in this MDL was that all the state laws "[are] substantially similar to (if not identical to in some instances) the federal test."[3] As a result, I did not separately address the state law claims in my liability opinion, except to say that "my liability findings and conclusions on plaintiffs' FLSA claim apply to plaintiffs' state law claims."  <u>In re Farmers Ins. Exch. Claims Rep. Overtime Pay</u>, 336 F.Supp.2d 1077, 1091 (D.Or. 2004), <u>aff'd in part, rev'd in part, and remanded</u>, 481 F.3d 1119.

---

[3]    This language, appearing in the Order and Findings Certifying State Law Classes at p. 10, was drafted by plaintiffs.  <u>See also</u> Plaintiffs' Memorandum re State Law Administrative Exemptions (Sept. 2, 2003), p. 1 (# 471)("To a substantial degree the pertinent state law "administrative" exemptions track much of the language of the FLSA and its key implementing regulations.").

PAGE 12 - OPINION AND ORDER

A.    <u>Washington</u>

In reversing this court's liability conclusions with respect to certain CRs, the Ninth Circuit

exclusively relied on a regulation the Department of Labor ("DOL") promulgated on August 23,

2004, well after this court's February 26, 2004, decision, concluding with little discussion that the

regulation, 29 C.F.R. § 541.203, "does not represent a change in the law." <u>In re Farmers</u>, 481

F.3d at 1128.[4]  Plaintiffs ignore that holding, focusing on whether the Washington Department of

Labor and Industries has or has not rejected the 2004 amendments to the FLSA regulations,

without advising this court what difference that might make if the law has not, in fact, changed.

In any event, like the FLSA, Washington law exempts from the Minimum Wage Act

("MWA") "[a]ny individual employed in a bona fide . . . administrative . . . capacity." RCW

49.46.010(5)(c).  The applicable administrative rule, WAC 296-128-520, which further defines

"individual employed in a bona fide administrative capacity," contains the following "short test

proviso," which governs my decision:

> Provided, That an employee who is compensated on a salary or fee basis at a rate
> of not less than $250 per week (exclusive of board, lodging, or other facilities),
> and whose primary duty consists of the performance of office or non-manual work
> directly related to management policies or general business operations of his
> employer or his employer's customers; <u>which includes work requiring the exercise
> of discretion and independent judgment</u>, shall be deemed to meet all of the
> requirements of this section.

WAC 296-128-520(4)(b) (emphasis added).

---

[4]      The court remarked that "[t]he district court did not rely on this regulation,
*presumably* because it was not in effect at the time the plaintiffs filed this action." 481 F.3d at
1128 (emphasis added).  There is nothing "presumable" about it:  Not only was the regulation
not in effect when plaintiffs filed this action; it was not in effect when this court decided the case.

PAGE 13 - OPINION AND ORDER

According to State of Washington Department of Labor and Industries ("WDOL") Administrative Policy ES.A.9.4, the WDOL relies on interpretations of the pre-August 23, 2004, FLSA where identical to the MWA. ES.A.9.4(2). Per WDOL, the requirements under the "short test proviso" of the state law administrative exemption are deemed to be met by any employee who:

1.    Receives the $250 per week on a salary or fee basis;

2.    Whose primary duty consists of the performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers; and

3.    Whose work duties include work requiring the exercise of discretion and independent judgment.

ES.A.9.4(3).

With respect to the third prong of the test, discretion and independent judgment, the WDOL explains that:

> In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance, [but] does not necessarily imply that the decisions made by the employee must have a finality that goes with unlimited authority and a complete absence of review.

ES.A.9.4(10) and (10.3).

Turning to my factual findings as interpreted by the Ninth Circuit, I found and therefore concluded that:

1.    All CRs are compensated at a rate not less than $250 per week on a salary basis, exclusive of board, lodging, or other facilities. In re Farmers, 336 F.Supp.2d at 1093.

PAGE 14 - OPINION AND ORDER

2.      All CRs' work is nonmanual work.  <u>Id.</u>

With respect to the exercise of discretion and independent judgment, I found that all

Liability CRs' work includes the exercise of discretion and independent judgment, <u>id.</u> at 1103,

but I distinguished the APD CRs and certain Property CRs, finding that these APD and Property

CRs' work required the use of skill and knowledge, but not the exercise of discretion and

independent judgment.  <u>Id.</u> at 1103-04.  The Ninth Circuit reversed my decision with respect to

these two categories, concluding that taken as a whole, my findings concerning all the CRs' job

duties "says it all"; that is, "the district court's factual findings confirm that FIE's liability,

automobile damage and property adjusters satisfy both prongs of the duties test."  481 F.3d at

1129, 1132.

Although the Ninth Circuit considered my factual findings only against the requirements

of the FLSA exemption, the Ninth Circuit decision leaves no room for me to find that any of the

CRs subject to this MDL litigation perform work that does not <u>include</u> the exercise of discretion

and independent judgment.  Consequently, I am compelled to conclude that because all

Washington state CRs' work *includes* work requiring the exercise of discretion and independent

judgment, all Washington state subclass members are exempt from the Washington MWA

overtime requirement.

B.      <u>Oregon</u>

As the Ninth Circuit observed, Oregon law "impose[s] somewhat unique requirements for

exempt status."  481 F.3d at 1134.  Oregon law excludes from the definition of "employee" any

individual engaged in administrative work who:

(a)      Performs predominantly intellectual, managerial or creative tasks;

PAGE 15 - OPINION AND ORDER

      (b)     Exercises discretion and independent judgment; and

      (c)     Earns a salary and is paid on a salary basis.

ORS 653.020(3). The Oregon Administrative Rules ("OAR") expand the definition of

"administrative employee" to mean an employee:

      (a)     Whose primary duty consists of either:

          (A)     The performance of office or non-manual work directly related to management policies or general business operations of the employee's employer or the employer's customers; [and]

                     \* \* \*

      (b)     Who <u>customarily and regularly exercises discretion and independent judgment</u>; and

      (c)     Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity; or

          (A)     Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

          (B)     Who executes under only general supervision special assignments and tasks; and

      (d)     Who earns a salary and is paid on a salary basis pursuant to ORS 653.025 exclusive of board, lodging, or other facilities.

OAR 839-020-0005(2) (emphasis added).

      There is little case law applying both the FLSA and Oregon overtime law. In one Oregon district court opinion, Magistrate Judge Cooney was called upon to consider the executive and administrative exemptions under both the federal and state statutory schemes, and he opined that:

> Under federal law, because plaintiff earned a salary of at least $250 a week, the court applies the "short test" in determining whether plaintiff qualified as a bona fide executive or administrative employee. * * * However, under Oregon law, the court is required to apply the "long test" in making this determination.

Rowe v. Laidlaw Transp., Inc., 2000 WL 33374985 at * 9 (D.Or. 2000) (citations omitted), aff'd

Rowe v. Laidlaw Transit, Inc., 244 F.3d 1115 (9th Cir. 2001).

Plaintiffs argue that no CR, in any category, qualifies for the administrative exemption under Oregon law. Plaintiffs' argument, however, relies on a misstatement of the Oregon test. According to plaintiffs, in addition to requiring the "customary and regular" exercise of discretion and independent judgment, Oregon law also requires "that exempt administrators 'regularly and directly' assist a proprietor or a bona fide executive or administrative employee." Plaintiffs' Response to FIE's Brief Regarding FLSA and State Law Claims, p. 10. Plaintiffs' recitation omits an important "or" found in the regulation: The employee **either** must regularly and directly assist a proprietor, etc., **or** perform specialized and technical work under only general supervision, but need not do both as plaintiffs propose. Thus, plaintiffs' omission of the conjunction "or" distorts their argument.

Turning to my factual findings as interpreted by the Ninth Circuit, all CRs meet the requirement of OAR 839-020-0005(2)(a)(A) in that they perform office or nonmanual work directly related to management policies or general business operations of the employer. All CRs also meet the requirement of OAR 839-020-0005(2)(c)(A) in that they all perform "under only general supervision work along specialized or technical lines requiring special training, experience or knowledge." And all CRs earn a salary and are paid on a salary basis. OAR 839-020-0005(2)(d).

PAGE 17 - OPINION AND ORDER

Thus, the only issue with respect to Oregon law is whether any or all of the CRs "customarily and regularly" exercised discretion and independent judgment. OAR 839-020-0005(2)(b). By contrast, under the FLSA short test, as well as under the "short test proviso" of the Washington MWA, the employee's work need only "include" work involving the use of discretion and independent judgment. Compare OAR 839-020-0005(2)(b) with 29 C.F.R. § 541.203(a)(3) (primary duty must "include[] the exercise of discretion and independent judgment with respect to matters of significance") and WAC 296-128-520(4)(b) (employee's work must "include[] work requiring the exercise of discretion and independent judgment").

My findings concerning the Liability CRs and the Property CRs, as interpreted by the Ninth Circuit, compel me to conclude that within the meaning of Oregon law, these two categories of CRs "customarily and regularly" exercise discretion and independent judgment in the performance of their work. Specifically with respect to the liability CRs, I found, "[w]ithout hesitation," that they "exercise considerable independent judgment and discretion on matters of substantial importance." In re Farmers, 336 F.Supp.2d at 1103. That ruling was not disturbed on appeal.

With respect to the Property CRs, I distinguished among them, finding that CRs handling major losses did exercise discretion and independent judgment, but that those handling smaller claims did not. The Ninth Circuit disagreed with my approach,[5] and concluded, in essence, that based on my factual findings, all Property CRs, regardless of size of claim, exercised sufficient discretion and independent judgment throughout the claims handling process to qualify as

---

[5]    As the Ninth Circuit noted, during the appeal I already had acknowledged that my approach - the so-called "$3000 rule" - was not workable as it "did permit debate over the appropriate interpretation." In re Farmers, 481 F.3d 1126 n.4.

PAGE 18 - OPINION AND ORDER

exempt. See In re Farmers, 481 F.3d 1132-33. Although the Ninth Circuit opinion addresses

only the FLSA claim, that court's determination concerning the frequency with which Property

CRs exercise discretion and independent judgment is binding, and compels the conclusion that

the Property CRs are exempt from overtime under Oregon law.

This brings me to the APD CRs. The Ninth Circuit acknowledged that on the appellate

record, "it is unclear whether a requirement that the employee 'regularly' exercise discretion and

independent judgment entails something more than what the district court found in this case, or is

simply another way of articulating the FLSA exemption." In re Farmers, 481 F.3d at 1134. As

explained above, with respect to my factual findings concerning the Liability and Property CRs, I

need not explore the distinction between "customarily and regularly" and "work that includes,"

because those two categories of CRs satisfy either standard. But with respect to the APD CRs,

the distinction affects the outcome.

Although the Ninth Circuit interpreted my factual findings concerning the APD CRs in a

way that permitted it to disagree with my conclusion that APD CRs' primary duties "require the

use of skill in applying techniques, procedures and specific standards, not the use of discretion

and independent judgment," the Ninth Circuit did not go so far as to hold, as a matter of law, that

the APD CRs customarily and regularly exercise such discretion and independent judgment. As I

acknowledged in my findings, "[c]ertainly APD CRs use some discretion in adjusting physical

damage claims." Beyond that, however, I stand by my original factual findings; most significant

among them that: (1) the basic job of an APD CR is estimating a claim; (2) the assessments

required of an APD CR in performing his or her job largely are objective and technical; (3) with

the exception of total losses, an APD CR's basic options are to repair or replace damaged parts;

PAGE 19 - OPINION AND ORDER

(4) the advent of various computer programs for estimating auto damage claims has streamlined the APD CR's evaluation process and limited his or her choices; and (5) that as a result, APD CRs can settle as many as four or more claims per day.  See generally In re Farmers, 336 F.Supp.2d at 1097-98.

I conclude that while the facts developed at trial in this case support the Ninth Circuit's conclusion that the work of APD CRs *includes* work requiring the exercise of discretion and independent judgment for purposes of the FLSA, my factual findings on the full trial record preclude a finding that the APD CRs *customarily and regularly* exercise discretion and independent judgment for purposes of Oregon law.  Consequently, the Oregon subclass of APD CRs is non-exempt from overtime and is entitled to prevail.

CONCLUSION

For the reasons explained above, I DISMISS all state law claims of the Colorado, Minnesota, New Mexico, and Illinois CRs for lack of jurisdiction.  With respect to the Washington and Oregon state law claims:

1.     I find in favor of FIE and against all categories of CRs on their Washington state law claims;

2.     I find in favor of FIE and against the Liability and Property CRs on their Oregon state law claims; and

3.     I find in favor of the APD CRs and against FIE on the APD CRs' Oregon state law claims.

PAGE 20 - OPINION AND ORDER

Damages for the Oregon APD CRs already have been determined.  Consequently, this opinion terminates MDL 33-1439(A).  A judgment on remand will be entered accordingly.

DATED this __25__ day of October, 2008.

ROBERT E. JONES
U.S. District Judge

PAGE 21 - OPINION AND ORDER