FILED'08 NOV 07 15:18USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE FARMERS INSURANCE EXCHANGE )<br>CLAIMS REPRESENTATIVES' OVERTIME )<br>PAY LITIGATION )<br>)<br>)<br>)<br>)<br>) | MDL DOCKET NO. 33-1439(B)<br><br>OPINION AND ORDER |

Kenneth J. Sugarman
Steven G. Zieff
RUDY EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104

N. Robert Stoll
STOLL STOLL BERNE LOKTING & SHLACHTER, PC
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204

Alexander R. Wheeler
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA 93534

 Of Attorneys for Plaintiffs

>Barnes H. Ellis
>STOEL RIVES, LLP
>900 S.W. Fifth Avenue, Suite 2600
>Portland, OR 97204
>
>George E. Preonas
>Andrew M. Paley
>SEYFARTH SHAW, LLP
>One Century Plaza
>2029 Century Park East, Suite 300
>Los Angeles, CA 90067
>
>    Of Attorneys for Farmers Insurance Exchange, et al.

JONES, Judge:

On December 14, 2007, the Panel on Multidistrict Litigation ("MDL") transferred <u>Wilson v. Farmers Insurance Exchange</u> from the Central District of California to this court as part of MDL 33-1439(B). Within a month, the <u>Wilson</u> plaintiffs filed a motion to remand (# 2098). In February 2008, I took the motion under advisement, granting defendants time to submit evidence sufficient to establish a prima facie case of diversity jurisdiction. Defendants ultimately failed to provide the appropriate evidence, and on August 18, 2008, I granted plaintiffs' motion and remanded the case to the Superior Court of the State of California, County of Los Angeles (# 2111).

The <u>Wilson</u> case is now before the court on plaintiffs' motion (# 2115) for attorney fees and costs pursuant to 28 U.S.C. § 1447(c). For the reasons explained below, I decline to award either fees or costs and deny the motion.

## BACKGROUND

The Wilson plaintiffs originally filed their complaint in state court in May 2007. The complaint alleged eight California state law claims[1] and no federal claims, and as pertinent defined the putative class as follows:

> This class is comprised of all persons who, since May 18, 2003, have been employed, or are currently employed, by defendants in California as a Claims Representative who were paid as exempt employees during the Class Period, as the same are defined pursuant to statute and/or California or federal regulatory determination, and were not included as class members in the Bell v. Farmers Insurance Exchange judgment.

(Pls.' Mot. to Remand 2, n.1.) Defendant Farmers Insurance Exchange ("FIE") is, and at all relevant times was, "a reciprocal or inter-insurance exchange organized under the laws of the State of California," and its principal place of business is, and at all relevant times was, in Los Angeles, California. (Def.'s Opp'n to Mot. to Remand 4.)

On July 25, 2007, FIE removed the Wilson class action to district court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests federal district courts with "'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 . . . and is a class action in which the parties satisfy, among other requirements, minimal diversity.'" Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (quoting § 1332(d)). The proponent may show minimal diversity by demonstrating that any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

---

[1] The eight claims included four claims for violation of the California Labor Code and Wage Orders, one claim for violation of the California Business and Professions Code, and three common law claims.

PAGE 3 - OPINION AND ORDER

On August 8, 2007, FIE filed a Notice of Tag-Along Action with the MDL panel. On August 21, 2007, the MDL panel issued a Conditional Transfer Order ("CTO"). On August 24, 2007, the Wilson plaintiffs filed a motion with the MDL panel to vacate the CTO and also filed a motion with the California district court to remand the action to state court.

On September 25, 2007, district court Judge Fischer issued an order to show cause requiring FIE to offer adequate facts to support its jurisdictional allegations; specifically, to submit evidence that "at least one-third of the class members are citizens of a state different from that of Defendant." (Pls.' Mot. to Remand 3.) The district court ultimately did not rule on the motion, opting instead to wait on the MDL panel's decision. In December 2007, the MDL panel transferred the action to this court.

On January 15, 2008, the Wilson plaintiffs filed a motion to remand with this court. In a hearing held on February 19, 2008, I considered the Declaration of Roland Senechal, which FIE offered to support removal, and concluded that Senechal's statements were hearsay and that the declaration did little to advance FIE's position. FIE argued that the Wilson plaintiffs' class definition in their complaint was ambiguous and reasonably could be read to include individuals who lived outside of California but performed claims adjusting services in California, and this was the basis for Senechal's statement and FIE's removal. (Def.'s Opp'n to Mot. to Remand 5.) The Wilson plaintiffs clarified that they only sought to represent a class of "all California-based [FIE] adjusters who have been employed, or are currently employed, by [FIE] in California." (Pls.' Mot. to Remand 8) (emphasis added; internal quotations omitted.) In other words, plaintiffs contended that they meant only to represent those claim adjusters who both lived and worked in California during the class period.

PAGE 4 - OPINION AND ORDER

As a result of discussions with counsel during the hearing, I took the motion under advisement and held the record open to allow FIE time to supplement the record by identifying and submitting an affidavit of at least one person who met the class definition and who unquestionably was a citizen of a state other than California.

In March 2008, FIE submitted the Affidavit of William Olsen, which I determined to be inadequate.[2] I again held the record open, and in April 2008, FIE submitted the Declaration of Dennis Barnett, which initially appeared to satisfy FIE's obligation. However, although Barnett, a retired FIE claims representative, currently considered himself to be a citizen of Arizona, his declaration revealed that he was still a citizen of California when Wilson was filed. See 28 U.S.C. § 1332(d)(7) ("citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint"). Consequently, the Barnett declaration also did not support FIE's position.

Because despite an extensive opportunity to do so, FIE failed to identify even one putative class member who was a citizen of a state other than California, I determined that this court did not have jurisdiction over Wilson and remanded the case to state court.

## DISCUSSION

An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c)

---

[2] Although Olsen stated that he was a citizen of Texas and that more than half of his case load involved California claims, his affidavit did not establish that he fell within the class definition, which contemplated that all class members were subject to California wage and hour laws, which Olsen was not.

PAGE 5 - OPINION AND ORDER

only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

FIE claims it had an objectively reasonable basis for removing the case given the ambiguity of the Wilson plaintiffs' class definition in their complaint. I agree. At the time of removal, it was objectively reasonable for FIE to assume that "all persons who . . . have been employed, or are currently employed, by defendants in California as a Claims Representative who were paid as exempt employees during the Class Period," could include individuals who worked in California for FIE but were or now are citizens of another state. Even after the Wilson plaintiffs clarified their class definition during the hearing, I held the record open because I considered it possible that FIE might be able to establish minimal diversity under CAFA. Although FIE ultimately failed in that endeavor, that alone does not justify an award to the Wilson plaintiffs of their attorney fees and costs. As the Ninth Circuit stated in Lussier v. Dollar Tree Stores, Inc., "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted," and "Martin explicitly rejected the view that attorney's fees should presumptively, or automatically, be awarded on remand." 518 F.3d 1062, 1065 (9th Cir. 2008) (citing Martin, supra, 546 U.S. at 136-37). In Martin, the Supreme Court explained:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when statutory criteria are satisfied.

PAGE 6 - OPINION AND ORDER

Martin, 546 U.S. at 140. Despite FIE's failure to prove that CAFA jurisdiction existed, I nonetheless find it had an objectively reasonable basis for removal.

The Wilson plaintiffs also argue that FIE's inability to prove CAFA jurisdiction "over the course of nearly one year" constitutes "unusual circumstances" that deserve an award of attorney fees and costs. District courts retain discretion to consider whether "unusual circumstances" warrant an award of fees and costs despite the defendant's objectively reasonable basis for removal. Martin, 546 U.S. at 141. However, "[w]hen a court exercises its discretion in this manner, . . . its reasons . . . should be faithful to the purposes of awarding fees under § 1447(c)." Id. (internal quotations omitted).

FIE is not solely responsible for the length of time it took to resolve the removal issue: Judge Fischer chose to delay ruling on the Wilson plaintiffs' motion to remand; the MDL panel's decision to transfer the action to this court further delayed the matter; and I exercised my discretion to hold the record open on two occasions to allow FIE to supplement the record. Moreover, the Wilson plaintiffs could have dismissed their original class action complaint and re-filed it with a revised class definition as early as July or August of 2007, once it became clear that FIE interpreted the class more expansively than the Wilson plaintiffs intended. That surely would have minimized the attorney fees and costs associated with the removal and remand motion. In any event, in my discretion, I find that FIE's removal was not "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and conclude therefore, that this case does not warrant an award of attorney fees and costs under the "unusual circumstances" exception. Martin, 546 U.S. at 140.

PAGE 7 - OPINION AND ORDER

## CONCLUSION

The <u>Wilson</u> plaintiffs' motion (#2115) for attorney fees and costs is DENIED.

DATED this 7th day of November, 2008.

*Robert E. Jones*
ROBERT E. JONES
U.S. District Judge

PAGE 8 - OPINION AND ORDER