FILED'09 NOV 13 11 56USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IN RE FARMERS INSURANCE EXCHANGE    )
CLAIMS REPRESENTATIVES' OVERTIME    )
PAY LITIGATION                      )         MDL DOCKET NO. 33-1439(A)
                                    )
                                    )         O R D E R
                                    )
                                    )
                                    )

     The court completed Part A of this multidistrict overtime pay litigation with entry of final

judgment on all then-pending claims on May 2, 2005.  The parties appealed, and in March 2007,[1]

the Ninth Circuit Court of Appeals reversed and remanded this action for entry of judgment in

favor of defendant on plaintiffs' Fair Labor Standards Act ("FLSA") claims and for further

proceedings on certain state law claims.  Following proceedings on remand, on March 5, 2009, I

entered an amended judgment on all remaining Part A claims.[2]  As part of that judgment, I

---

[1]    In re Farmers Insurance Exchange Claims Representatives' Overtime Pay
Litigation, 466 F.3d 853 (9th Cir. 2006), amended and superceded on denial of rehearing, 481
F.3d 1119 (9th Cir. 2007).

[2]    The parties' cross-appeals from the amended judgment currently are pending in
the Ninth Circuit.

awarded 55 Oregon automobile physical damages ("APD") claims representatives ("CRs")

$3,259,378.87 in damages, which included interest through that date.

Part A again is before me, this time on defendant's Bill of Costs (# 2179), plaintiffs'

Application for Statutory Attorneys' Fees and Costs (# 2162), and plaintiffs' Bill of Costs

(#2200). For the reasons explained below, I award defendant the total sum of $319,903.26 in

costs, and defer plaintiffs' applications for fees and costs pending resolution of the currently-

pending Ninth Circuit appeals.

1.    Defendant's Bill of Costs

Defendant seeks an award of costs in the total sum of $380,513.39. Plaintiffs object to

the cost bill on several grounds, contending that (1) the cost bill was not timely filed; (2) the

court should exercise its discretion to deny all costs as inequitable; and (3) certain of defendant's

claimed costs are not recoverable or are not reasonable.

I decline to find that defendant's cost bill was not timely filed, and reject that argument.  I

also decline plaintiffs' invitation to exercise my discretion to deny defendant recovery of any

costs.  While courts do retain discretion to refuse to award costs to a prevailing party, Fed. R.

Civ. P. 54(d)(1) creates a strong presumption in favor of an award.  See, e.g., Assoc. of Mexican-

American v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); Jones, Rosen, Wegner &

Jones, RUTTER GROUP PRACTICE GUIDE:  FEDERAL CIVIL TRIALS & EVIDENCE (The

Rutter Group 2009), ¶ 19:15 et seq.  To decline to award costs to a prevailing party, I must

"specify reasons" for the denial.  Assoc. of Mexican-American, 231 F.3d at 591.  Plaintiffs have

failed to convince me that an award of costs to defendant in this case would constitute an abuse

of my discretion, and I find no valid reason to deny costs. See id.

PAGE 2 - ORDER

I turn now to plaintiffs' specific objections.

a.    Clerk Fees

Defendant seeks $1,235.00 in clerk fees.  Plaintiffs object to $470.00 of that request for fees incurred for *pro hac vice* admissions for several defense attorneys.  Plaintiffs are correct that under Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and under this court's April 2, 2002, procedural order (dkt. # 20, ¶ 9), attorneys were not required to seek *pro hac vice* admission in this multidistrict litigation.  In that sense, defendant voluntarily, and not "necessarily," incurred the challenged fees.  I therefore will not shift those costs to plaintiffs and I will exclude $470.00 from the total award.

b.    Subpoena Fees

Plaintiffs object to this category as "unclear what these costs relate to."  Plaintiffs' Objections to Defendant's Bill of Costs, p. 8.  Defendant's exhibits show that the claimed costs were incurred for service of subpoenas, see Defendant's Bill of Costs, Exhibit 2, and are appropriate.

c.    Court Reporter Fees

Defendant seeks recovery of $67,562.25 for court reporter fees.  Plaintiffs object that defendant has not demonstrated that the fees were necessarily incurred, and specifically object to defendant's inclusion of costs related to certain plaintiffs who prevailed on their Oregon state law claims.

My experience with this protracted litigation, including the three-week bench trial in the liability phase, compels me to find that the transcripts, including the videotaped depositions and the daily trial transcripts, were necessarily obtained for use in this case.  Much of the trial

PAGE 3 - ORDER

depended on deposition evidence, and, indeed, the transcripts were integral to my ability to study the evidence and render my findings and conclusions.

In the end and after the first Ninth Circuit appeal, defendant prevailed on all FLSA claims in Phase A, including the FLSA claims of the identified plaintiffs, and all state law claims except those of the Oregon APD CRs. Indeed, defendant states that it prevailed on 96 percent of all claims, a figure plaintiffs have not challenged. To reflect the success enjoyed by the 55 Oregon APD CRs, I will reduce the award of costs for court reporter fees by four percent, or $2,702.49, resulting in an award under this category of $64,859.76.

d.    Photocopy and Exemplification Costs

Defendant seeks recovery of $263,733.40 in photocopy and exemplification costs. Plaintiffs raise similar objections to this request as they did for the court reporter fees, and specifically object to defendant's inclusion of $77,400.00 in "demonstratives," arguing that demonstratives are not recoverable. Courts, however, are split on whether costs incurred for demonstrative evidence are recoverable, and the Ninth Circuit has permitted recovery of such costs. Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir. 1988); see also Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS & EVIDENCE, ¶ 19.170. In this case, defendant's demonstrative evidence was helpful to the court during the three-week bench trial and I find, therefore, that the demonstrative evidence was necessarily obtained for use in the case.

I find plaintiffs' other objections to be unpersuasive, but for the reasons explained in subsection (c) above, I will reduce the award in this category by four percent, or $10,549.34, for a total award of $253,184.06.

PAGE 4 - ORDER

e.    Court-Appointed Expert Fees

Defendant seeks reimbursement of its share of Special Master Justice Peterson's fees, a total of $46,888.30. Justice Peterson's fees are not, however, "court-appointed expert witness fees" within the meaning of 28 U.S.C. § 1920(6), because I appointed him under Rule 53(a) of the federal rules, not under Rule 706. See dkt. # 577; see also National Organization for Reform of Marijuana Laws v. Mullen, 828 F.2d 536, 545 n.7 (9th Cir. 1987); Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS & EVIDENCE, ¶ 19.185 et seq.

Courts have discretion to allocate a special master's fees under Rule 53. See, e.g., Aird v. Ford Motor Co., 86 F.3d 216, 221 (D.C. Cir. 1996). In this case, I ordered the parties to share equally in paying the Special Master's compensation. See dkt. # 572; see also dkt. # 577 (Order Appointing Special Master). Nowhere did I order or even suggest to the parties that I would shift the Special Master's fees to the losing party. Consequently, I deny defendant's request for reimbursement of the Special Master's fees.

In summary and for the reasons explained above, I approve defendant's cost bill in the total sum of $319,903.26.

2.    Plaintiffs' Applications for Attorney Fees and Costs

Plaintiffs, who have prevailed thus far on the Oregon APD CRs' claims (four percent of all claims),[3] seek an award of $10,884,995.22 in attorney fees, "fees on fees" of $177,817.50, and costs under Oregon law and federal law totaling approximately $990,000. See dkt. # 2202

---

[3]    The 55 members of the Oregon class recovered approximately $3.3 million, of which approximately $2 million constitutes damages, and $1.265 million constitutes interest. See dkt. # 2145 (Amended Judgment).

PAGE 5 - ORDER

(Letter from Counsel).

Although this court retains jurisdiction during appeal to rule on motions for attorney fees and costs that are collateral to the issues on appeal, see Fed. R. Civ. P. 54(d), the court also has discretion to defer ruling on such motions until after an appeal is resolved. As the 1993 Advisory Committee Note to Rule 54(d)(2) explains:

> Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment * * *. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court * * *.

Fed. R. Civ. P. 54 Advisory Committee Notes (1993 Amendments); see also Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225-26 (2nd Cir. 2004).

My decision in favor of the Oregon APD class members presently is on appeal. In view of the Ninth Circuit's decision in the first round of appeals, the issues on appeal and cross-appeal in this case once again carry a significant potential that the Ninth Circuit's disposition may greatly affect my consideration of plaintiffs' motions for attorney fees and costs. Thus, as with plaintiffs' earlier application, the interests of judicial efficiency weigh strongly in favor of waiting for a mandate from the Ninth Circuit before awarding or denying attorney fees or costs. Consequently, I will defer consideration of plaintiffs' motions for fees and costs pending a final appellate disposition.

PAGE 6 - ORDER

CONCLUSION

Defendant's Bill of Costs (# 2179) is allowed in part and denied in part; defendant is awarded a total of $319,903.26 in costs.  Plaintiffs' Application for Statutory Attorney Fees and Costs (# 2162) and Plaintiffs' Bill of Costs (# 2200) are deferred pending the Ninth Circuit disposition of the pending appeals.

IT IS SO ORDERED.

DATED this 13th day of November, 2009.

Robert E. Jones

ROBERT E. JONES
U.S. District Judge

PAGE 7 - ORDER